LEVI N. FITTS, Exr., *vs.* PROBATE COURT OF EAST GREEN-
WICH.

PROVIDENCE—JUNE 23, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *Probate Law and Practice.   Appeal.   Waiver.*

An appeal from the decree of a Probate Court, defective in form, waives the
defect, vacates such decree, and brings the matter before the appropriate
division of the Supreme Court for trial *de novo.*

APPEAL from decree of Probate Court.   Heard on petition
of appellant for new trial after jury trial.   Petition denied.

DOUGLAS, J.   The Probate Court of East Greenwich, on
the 8th day of June, 1903, entered a decree removing the
petitioner from his office of executor of the last will and tes-
tament of Sarah E. Weaver, late of said East Greenwich,
deceased.   The petition for such removal specified several
causes, amongst others the removal of the executor from the
State without appointing an agent to represent him therein.
From this decree the executor duly appealed, and the case
was tried by a jury in the Common Pleas Division, and a ver-
dict was returned, finding that the executor had removed
from the State and had not appointed an agent to represent
him therein, and also that the executor had wasted and mis-
managed the estate.

(1)     The executor now prays for a new trial on various grounds,
but insists only upon the claim that the Common Pleas Divis-
ion instead of trying the case should have remanded it for
trial to the Probate Court, inasmuch as the record in the Pro-
bate Court does not show that a trial was had there.   The
material recitals of the record are as follows: "The within
petition for the removal of Levi N. Fitts from his executor-
ship of the will of Sarah E. Weaver, late of said East Green-
wich, deceased, the hearing of which was adjourned to this
day, came on to be heard and was presented and argued by

counsel for the petitioners; and no person appearing to object, thereupon, it is ordered and decreed as follows:

" (1)   The notice to said executor of this hearing and of the petition and its contents is satisfactory to this court.

" (2)   Said Levi N. Fitts is hereby removed from the position and office of executor of the bill and estate of Sarah E. Weaver, late of said East Greenwich, deceased."

The decree might well have contained a finding that the allegations of the petition were true, but so long as the petition contained sufficient allegations upon which to base the finding, it must be presumed that the decision was for the reasons presented.   The record does show that the court met to hear the case and due notice was sent to the executor of the time and place of the hearing.   If he had chosen to appear and offer evidence he could have done so.   But if the decree was defective in form the executor, by taking an appeal therefrom, has waived his right to have it corrected.

It is provided by Gen. Laws cap. 209, § 13, that where the validity of a proceeding of the Probate Court is called in question by reason of an alleged irregularity, any party affected by such proceeding may apply to the Probate Court having jurisdiction of the subject-matter, and the court may ratify its action.

Instead of availing himself of this privilege, the executor appealed from the decree and brought the petition for his removal to the Common Pleas Division for trial *de novo*.   In that court the presiding justice ruled, in accordance with law, that the decree of the Probate Court had been vacated, and the executor, having claimed a jury trial, must proceed to trial upon the merits of the case presented by the petition.

The exception must be overruled, and the petition for new trial dismissed.   The case will be remitted to the Common Pleas Division for entry of decree.

*Samuel W. K. Allen,* for appellant.

*Edwards & Angell,* for appellee.